UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                        Criminal No. 99-CR-80809-04

vs.                                                HON. BERNARD A. FRIEDMAN

CHRISTOPHER ROBINSON,

    Defendant.
_____/

**<u>OPINION AND ORDER DENYING DEFENDANT'S MOTIONS
FOR A SENTENCE REDUCTION UNDER THE FIRST STEP ACT AND
FOR THE APPOINTMENT OF COUNSEL</u>**

        The Court has received two letters from defendant, which the Court treats as a motion for a sentence reduction under the First Step Act [docket entry 273] and a motion for the appointment of counsel [docket entry 275]. The government has filed a response opposing defendant's motion for a sentence reduction.

        On April 29, 2002, defendant was convicted by a jury of two counts of bank robbery, 18 U.S.C. § 2113(a), and two counts of use of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). In October 2002, the Court sentenced defendant "to concurrent 150-month prison terms for the bank robberies and to consecutive terms of 84 months and 300 months for the § 924(c) convictions" [docket entry 272]. The conviction and sentence were affirmed on appeal. *See United States v. Robinson*, 389 F.3d 582 (6th Cir. 2004). On May 2, 2005, the Supreme Court denied defendant's petition for a writ of certiorari. *Robinson v. United States*, 544 U.S. 1026 (2005). On August 26, 2005, defendant filed a motion for relief from sentence pursuant to 28 U.S.C. § 2255, which the Court dismissed on November 22, 2005 [docket entry 242]. The Sixth Circuit denied defendant's motion for leave to file a second or

successive § 2255 motion on three occasions: September 12, 2008 [docket entry 258]; June 2, 2014 [docket entry 267]; and November 17, 2016 [docket entry 272].

In the instant motion for a sentence reduction, defendant "seek[s] to have th[e] misapplied 924(c)(1)(C) conviction vacated." Def.'s Mot. for Sentence Reduction at 5. In other words, he requests that the Court "reconsider the application of []his second 924(c)(1)(C) conviction." *Id.* at 6. He makes this request pursuant to § 403 of the First Step Act, which he states

> clarifies that 924(c)(1)(C) is not a sentencing factor and that these convictions and penalties were never meant to be stacked. A defendant like myself was never supposed to be eligible for nor subject to one additional 25 year recidivist penalty. This process results in a true fundamental miscarriage of justice.

*Id.* at 2.

At the time defendant was sentenced, "any [second or] subsequent § 924(c) conviction [was] punishable by a statutory mandatory sentence of twenty-five years to run consecutively with any other counts of conviction."[1] *United States v. Ervin*, 266 F. App'x 428, 435 (6th Cir. 2008) (alterations added) (internal citations omitted). And

> in *Deal v. United States*, 508 U.S. 129, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993), the Supreme Court . . . held that the twenty-five-year mandatory minimum for a second or subsequent conviction attache[d] not only when a defendant [wa]s convicted of an offense and [wa]s later convicted of another offense, but also when a defendant [wa]s convicted of multiple offenses in the same proceeding. *Id.* at 135-36, 113 S.Ct. 1993.

*United States v. Washington*, 714 F.3d 962, 969-70 (6th Cir. 2013) (alterations added). Thus, "*Deal* had interpreted § 924(c)(1)(C) to require penalty stacking when a jury made sequential, cascading guilt findings on multiple § 924(c) counts within one Indictment," *United States v.*

---

[1] Section 924(c)(1)(C) provided: "In the case of a second or subsequent conviction under this subsection, the person shall--(i) be sentenced to a term of imprisonment of not less than 25 years . . . ." 18 U.S.C. § 924(c)(1)(C) (effective Nov. 13, 1998, to Nov. 1, 2002).

2

*Havens*, 374 F. Supp. 3d 628, 632 (E.D. Ky. 2019), and the Court was therefore required to sentence defendant to a consecutive 300-month term of imprisonment for his second § 924(c) conviction. This is the aspect of his sentence that defendant is currently challenging.

Section 403 of the First Step Act, which was enacted on December 21, 2018, "amended § 924(c)(1)(C) to allow stacking only where a prior conviction was final." *Richmond v. Burnhart*, No. 6:19-CV-064-REW, 2019 WL 2127304, at *3 (E.D. Ky. May 15, 2019). Section 403 provides:

> SEC. 403. CLARIFICATION OF SECTION 924(C) OF TITLE 18, UNITED STATES CODE.
>
> (a) IN GENERAL.—Section 924(c)(1)(C) of title 18, United States Code, is amended, in the matter preceding clause (i), by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final".[2]
>
> (b) APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

First Step Act of 2018, Pub. L. No.115-391, § 403, 132 Stat. 5194, 5221-22 (2018). "The First Step Act reversed *Deal*" because it "allows the stacked enhancement only as to a § 924(c) 'violation . . . that occurs after a prior conviction under this subsection has become final.'" *Havens*, 374 F. Supp. 3d at 632 (internal citation omitted).

The government correctly argues that defendant is not eligible for a sentence reduction under § 403 of the First Step Act because this provision is not retroactive. Pl.'s Resp. at 3-5. In considering a different provision of the Act, the Sixth Circuit determined that "the

---

[2] As a result, § 924(c)(1)(C) now reads as follows: "In the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final, the person shall--(i) be sentenced to a term of imprisonment of not less than 25 years . . . ." 18 U.S.C. § 924(c)(1)(C) (effective Dec. 21, 2018).

3

First Step Act is largely forward-looking and not retroactive." *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019). Section 403 makes it clear that this section applies only to offenses committed before the Act's December 21, 2018, enactment date "if a sentence for the offense has not been imposed" as of that date. In the present case, because defendant was sentenced in October 2002 – more than sixteen years before the First Step Act went into effect – § 403 is inapplicable and has no effect on his sentence. *See Richmond*, 2019 WL 2127304, at *3 (denying a request for a sentence reduction under the First Step Act based on an argument of improper "stacking" of § 924(c) convictions, where the sentence was imposed in June 1996, because "the amendment [to § 924(c)(1)(C) in § 403 of the First Step Act] is not retroactive").

In defendant's motion for the appointment of counsel, he asks that he be appointed an attorney "to represent me, in this matter for sentence reduction under the First Step Act" [docket entry 275]. The Court shall deny this motion given its finding that defendant is not entitled to relief under the First Step Act, as discussed above. Accordingly,

IT IS ORDERED that defendant's motion for a sentence reduction under the First Step Act [docket entry 273] is denied.

IT IS FURTHER ORDERED that defendant's motion for the appointment of counsel [docket entry 275] is denied.

Dated: September 18, 2019
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on September 18, 2019.

| | |
|---|---|
| Christopher Robinson, 27172-039 | s/Johnetta M. Curry-Williams |
| McKean Federal Correctional Institution | Case Manager |
| Inmate Mail/Parcels | |
| P.O. Box 8000 | |
| Bradford, PA 16701 | |