UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                          Criminal No. 99-CR-80809-04

vs.                                                 HON. BERNARD A. FRIEDMAN

CHRISTOPHER ROBINSON,

    Defendant.
_____/

### OPINION AND ORDER DENYING
### DEFENDANT'S MOTION FOR SENTENCE REDUCTION

This matter is presently before the Court on defendant's motion for sentence reduction [docket entry 280], filed in April 2020. The government has filed a response in opposition. Defendant has not replied, and the time for him to do so has expired.

The instant motion is, in substance, a reiteration of the motion for sentence reduction [docket entry 273] that defendant filed in March 2019. In its opinion denying that motion, the Court stated:

> On April 29, 2002, defendant was convicted by a jury of two counts of bank robbery, 18 U.S.C. § 2113(a), and two counts of use of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). In October 2002, the Court sentenced defendant "to concurrent 150-month prison terms for the bank robberies and to consecutive terms of 84 months and 300 months for the § 924(c) convictions" [docket entry 272]. The conviction and sentence were affirmed on appeal. *See United States v. Robinson*, 389 F.3d 582 (6th Cir. 2004). On May 2, 2005, the Supreme Court denied defendant's petition for a writ of certiorari. *Robinson v. United States*, 544 U.S. 1026 (2005). On August 26, 2005, defendant filed a motion for relief from sentence pursuant to 28 U.S.C. § 2255, which the Court dismissed on November 22, 2005 [docket entry 242]. The Sixth Circuit denied defendant's motion for leave to file a second or successive § 2255 motion on three occasions: September 12, 2008 [docket entry 258]; June 2, 2014 [docket entry

267]; and November 17, 2016 [docket entry 272].

In the instant motion for a sentence reduction, defendant "seek[s] to have th[e] misapplied 924(c)(1)(C) conviction vacated." Def's Mot. for Sentence Reduction at 5. In other words, he requests that the Court "reconsider the application of [ ]his second 924(c)(1)(C) conviction." *Id*. at 6. He makes this request pursuant to § 403 of the First Step Act, which he states

> clarifies that 924(c)(1)(C) is not a sentencing factor and that these convictions and penalties were never meant to be stacked. A defendant like myself was never supposed to be eligible for nor subject to one additional 25 year recidivist penalty. This process results in a true fundamental miscarriage of justice.

*Id*. at 2.

At the time defendant was sentenced, "any [second or] subsequent § 924(c) conviction [was] punishable by a statutory mandatory sentence of twenty-five years to run consecutively with any other counts of conviction."[1] *United States v. Ervin*, 266 F. App'x 428, 435 (6th Cir. 2008) (alterations added) (internal citations omitted). And

> in *Deal v. United States*, 508 U.S. 129, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993), the Supreme Court ... held that the twenty-five-year mandatory minimum for a second or subsequent conviction attache[d] not only when a defendant [wa]s convicted of an offense and [wa]s later convicted of another offense, but also when a defendant [wa]s convicted of multiple offenses in the same proceeding. *Id*. at 135-36, 113 S.Ct. 1993.

*United States v. Washington*, 714 F.3d 962, 969-70 (6th Cir. 2013) (alterations added). Thus, "*Deal* had interpreted § 924(c)(1)(C) to require penalty stacking when a jury made sequential, cascading guilt findings on multiple § 924(c) counts within one Indictment," *United States v. Havens*, 374 F. Supp. 3d 628, 632 (E.D. Ky. 2019), and the Court was therefore required to sentence defendant to a consecutive 300-month term of imprisonment for his second § 924(c) conviction. This is the aspect of his sentence that defendant is currently challenging.

Section 403 of the First Step Act, which was enacted on December 21, 2018, "amended § 924(c)(1)(C) to allow stacking only where a prior conviction was final." *Richmond v. Burnhart*, No. 6:19-CV-064-REW, 2019 WL 2127304, at *3 (E.D. Ky. May 15, 2019). Section 403 provides:

> SEC. 403. CLARIFICATION OF SECTION 924(C) OF TITLE 18, UNITED STATES CODE.
>
> (a) IN GENERAL.—Section 924(c)(1)(C) of title 18, United States Code, is amended, in the matter preceding clause (i), by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final".[2]
>
> (b) APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

First Step Act of 2018, Pub. L. No.115-391, § 403, 132 Stat. 5194, 5221-22 (2018). "The First Step Act reversed *Deal*" because it "allows the stacked enhancement only as to a § 924(c) 'violation ... that occurs after a prior conviction under this subsection has become final.'" *Havens*, 374 F. Supp. 3d at 632 (internal citation omitted).

The government correctly argues that defendant is not eligible for a sentence reduction under § 403 of the First Step Act because this provision is not retroactive. Pl.'s Resp. at 3-5. In considering a different provision of the Act, the Sixth Circuit determined that "the First Step Act is largely forward-looking and not retroactive." *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019). Section 403 makes it clear that this section applies only to offenses committed before the Act's December 21, 2018, enactment date "if a sentence for the offense has not been imposed" as of that date. In the present case, because defendant was sentenced in October 2002 – more than sixteen years before the First Step Act went into effect – § 403 is inapplicable and has no effect on his sentence. *See Richmond*, 2019 WL 2127304, at *3 (denying a request for a

3

> sentence reduction under the First Step Act based on an argument of improper "stacking" of § 924(c) convictions, where the sentence was imposed in June 1996, because "the amendment [to § 924(c)(1)(C) in § 403 of the First Step Act] is not retroactive").
>
> _____
> [1] Section 924(c)(1)(C) provided: "In the case of a second or subsequent conviction under this subsection, the person shall--(I) be sentenced to a term of imprisonment of not less than 25 years...." 18 U.S.C. § 924(c)(1)(C) (effective Nov. 13, 1998, to Nov. 1, 2002).
>
> [2] As a result, § 924(c)(1)(C) now reads as follows: "In the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final, the person shall--(I) be sentenced to a term of imprisonment of not less than 25 years...." 18 U.S.C. § 924(c)(1)(C) (effective Dec. 21, 2018).

*United States v. Robinson*, No. 99-CR-80809-04, 2019 WL 4463272, at *1-2 (E.D. Mich. Sept. 18, 2019).

In the instant motion, defendant repeats his argument that his convictions should not be "stacked" and that he is entitled to relief under the First Step Act. For the same reasons stated previously, the Court rejects this argument. The Court also rejects defendant's argument that this change in the law is an " extraordinary and compelling reason[]" entitling him to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The Court has no authority to modify a sentence except as permitted by the First Step Act (or other authority not applicable here), and Congress has specifically indicated that this "anti-stacking" provision of the Act may not be applied retroactively. Accordingly,

IT IS ORDERED that defendant's motion for sentence reduction is denied.

                                                     s/Bernard A. Friedman  
                                                     Bernard A. Friedman  
Dated: July 2, 2020                   Senior United States District Judge  
     Detroit, Michigan

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 2, 2020.

Christopher Robinson, 27172039        s/Johnetta M. Curry-Williams  
McKean Federal Correctional Institution   Case Manager  
Inmate Mail/Parcels  
P.O. BOX 8000  
BRADFORD, PA 16701

5