UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Criminal No. 99-CR-80809-04

vs.

HON. BERNARD A. FRIEDMAN

CHRISTOPHER ROBINSON,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF HIS MOTION FOR SENTENCE REDUCTION AND FOR THE APPOINTMENT OF COUNSEL

This matter is presently before the Court on defendant's motion for appointment of counsel [docket entry 286] and motion for reconsideration of the Court's order denying his motion for sentence reduction [docket entry 287]. The Court concludes that defendant is not entitled to the requested relief for the following reasons.

In his motion for reconsideration, defendant states that

> [t]he First Step Act has some effects on petitioner's sentence. The FSA renunciation of []stacking 25 year count [sic] of § 924(c) supports a request for relief. By broadening the availability of relief under 18 U.S.C. § 3582(c)(1)(A)(i), the FSA created a pathway for Mr. Robinson to ask the Court to reconsider his 32 year sentence in light of the extraordinary and compelling circumstances in his case.

Docket entry 287, at 1. Defendant has raised substantially identical claims in two prior motions for sentence reduction, including the one that he presently asks the Court to reconsider. *See* docket entry 285, at 1. Pursuant to E.D. Mich. LR 7.1(h)(3),

> the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but

also show that correcting the defect will result in a different disposition of the case.

In the instant motion, defendant has failed to demonstrate a palpable defect with the Court's prior order, and thus cannot contend that correcting a defect would result in a different disposition of the case. Moreover, E.D. Mich. LR 7.1(h)(1) states that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." Defendant filed the instant motion on April 27, 2021, 299 days after entry of the order that he now asks the Court to reconsider. Consequently, the motion both fails on the merits and is untimely.

In his motion for appointment of counsel, defendant asks that he be appointed an attorney "to represent petitioner on his 'Motion for Reconsideration for title 18 U.S.C. § 3582(c)(1)(A)(i) Compassionate Release asking the Court to Exercise its Inherited [sic] Supervisory Power to Fix or Correct a Manifested of [sic] Injustice.'" Docket entry 286. Given the Court's conclusion that defendant is not entitled to the relief requested in his motion for reconsideration, the Court shall deny defendant's motion for appointment of counsel as well. Accordingly,

IT IS ORDERED that defendant's motion for reconsideration of the Court's denial of his motion for sentence reduction [docket entry 287] is denied.

IT IS FURTHER ORDERED that defendant's motion for appointment of counsel [docket entry 286] is denied.

s/Bernard A. Friedman
Bernard A. Friedman
Dated: April 29, 2021        Senior United States District Judge
Detroit, Michigan

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 29, 2021.

| | |
|---|---|
| Christopher Robinson #27172-039<br>McKean Federal Correctional Institution<br>Inmate Mail/Parcels<br>P.O. BOX 8000<br>BRADFORD, PA 16701 | s/Johnetta M. Curry-Williams<br>Case Manager |