UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                           Case No. 99-cr-80809-4
v.                                         Hon. Matthew F. Leitman

D4, CHRISTOPHER ROBINSON,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S
## MOTION FOR COMPASSIONATE RELEASE (ECF No. 298)

In 2002, Defendant Christopher Robinson was convicted of two counts of bank robbery and aiding and abetting in violation of 18 U.S.C. § 2113(a), and two counts of use of a firearm during and in relation to the commission of a crime of violence in violation of 18 U.S.C. § 924(c). (*See* Judgment, ECF No. 219, PageID.179.) He was sentenced to 44 ½ years in prison. (*See id.*, PageID.180.) Now before the Court is a motion by Robinson seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). (*See* Mot., ECF No. 298.) For the reasons explained below, Robinson's motion is **DENIED**.

## I

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020)

1

(quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Id.* Section 3582(c)(1)(A) describes when a court may grant such a reduction in sentence:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). As the United States Court of Appeals for the Sixth Circuit has explained, this statute authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons warrant a reduction," (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the Section 3553(a) factors, "to the extent applicable," support a reduction. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Sixth Circuit has added that a district court "must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the [Section] 3553(a) factors support a reduction." *United States v. McKinnie*, 24 F.4th

2

583, 586 (6th Cir. 2022) (citing *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021)). *See also United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

## II

Section 3582(c)(1)(A) does not describe what constitutes an "extraordinary and compelling" circumstance. But one provision of the United States Sentencing Guidelines, Section 1B1.13(b), lists six circumstances that may rise to the level of "extraordinary and compelling": (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) the defendant was a victim of sexual abuse or physical abuse resulting in serious bodily injury; (5) "other reasons" that are "similar in gravity" to those described in subsections (1) through (4); and (6) the defendant received an unusually long sentence, has served at least ten years of that sentence, and a nonretroactive change in the law has produced a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed[.]" U.S.S.G. § 1B1.13(b)(1)–(6).

Robinson argues that his circumstances are extraordinary and compelling under two of these subsections: 1B1.13(b)(5) and (b)(6). The Court respectfully disagrees for the reasons set forth below.

**A**

The Court begins with Robinson's argument under subsection (b)(6) because that is the primary basis on which he urges the Court to find that his circumstances are extraordinary and compelling. In full, that subsection provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Robinson argues that he satisfies subsection (b)(6) because his sentence of more than 44 years was unusually long, he has served more than ten years of his sentence, and after he was sentenced, Congress made a nonretroactive change to the penalties applicable to his crimes such that there would be a gross disparity between the sentence that he is serving and the sentence that would be imposed upon him if he was to be sentenced for the same offenses today. Congress made the change cited by Robinson when it passed the First Step Act, Pub. L. No. 115-391, § 401(a), 132 Stat. 5194 (2018). That Act eliminated the "stacking" of mandatory minimum sentences for convictions under Section 924(c). Prior to the First Step Act, a

4

conviction under Section 924(c) "carried a mandatory-minimum sentence of five years' incarceration, and each additional [Section] 924(c) conviction carried a sentence of twenty-five years' incarceration, even if the defendant's [Section] 924(c) convictions were part of the same indictment." *United States v. Henry*, 983 F.3d 214, 217 (6th Cir. 2020). "Under the First Step Act's new framework, only a defendant who has a prior final [Section] 924(c) conviction is subject to the escalating mandatory-minimum sentences for a subsequent [Section] 924(c) conviction." *Id.*

Here, the "new framework" of the First Step Act would benefit Robinson (who was sentenced before Congress passed the Act) because his sentences for his Section 924(c) convictions were "stacked" even though, at the time of those convictions, he did not have a prior final Section 924(c) conviction. Robinson contends that if were to be sentenced for those convictions today, he could have received a sentence as low as fourteen years in custody. (*See* Resp. to Supp. Auth., ECF No. 319, PageID.1451.)

The problem for Robinson, as he candidly acknowledges, is that the Sixth Circuit recently held in *United States v. Bricker*, -- F.4th --, Nos. 24-3286, 24-3289, 24-5182, 2025 WL 1166016, at *1 (6th Cir. Apr. 22, 2025), that subsection (b)(6) "is invalid." The subsection cannot stand, the Sixth Circuit concluded, because under Section 3582(c), "nonretroactive legal developments, considered alone or together with other factors, cannot amount to an 'extraordinary and compelling

reason'" for sentence reduction. *Id.* at *4 (quoting *United States v. McCall*, 56 F.4th 1048, 1065–66 (6th Cir. 2022)).  Because *Bricker* invalidated subsection (b)(6), Robinson's arguments under that subsection must fail.

**B**

The Court next turns to Robinson's argument that his circumstances are extraordinary and compelling under subsection (b)(5).  That subsection provides that a defendant may establish that his circumstances are extraordinary and compelling by "present[ing] any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."  Robinson contends that the following circumstances, taken together, are extraordinary and compelling under subsection (b)(5): (1) the "draconian and oppressive length" of his sentence; (2) the disparity between his sentence and the sentences imposed upon his co-defendants; (3) his age; (4) his medical conditions; (5) family support; and (6) rehabilitation. (*See* Mot., ECF No. 298.)  Robinson further appears to argue that the Court may consider the nonretroactive change in Section 924(c) as a factor under subsection (b)(5) even though the Sixth Circuit has invalidated subsection (b)(6) because that subsection permitted consideration of nonretroactive changes in the law. (*See* Resp. to Supp. Auth., ECF No. 319.)  The

Court concludes that Robinson's circumstances are not extraordinary and compelling under subsection (b)(5).

**1**

As an initial matter, the Court rejects Robinson's argument that the Court may consider the nonretroactive change in Section 924(c) when determining whether his circumstances are extraordinary and compelling under subsection (b)(5). Both the Guidelines, themselves, and binding Sixth Circuit precedent preclude the Court from doing so.

First, Section 1B1.13(c) of the Guidelines prohibits the Court from considering nonretroactive changes in the law under subsection (b)(5). That section provides:

> **(c) Limitation on Changes in Law.** -- *Except as provided in subsection (b)(6)*, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) *shall not be considered for purposes of determining whether an extraordinary and compelling reason exists* under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. § 1B1.13(c) (emphasis added). Simply put, Section 1B1.13(c) expressly precludes the Court from considering nonretroactive changes in the law in its

7

determination of whether extraordinary and compelling circumstances exist under any subsection other than subsection (b)(6).  Thus, the Court may not consider whether such changes are extraordinary and compelling circumstances under subsection (b)(5).

Binding Sixth Circuit precedent is equally clear that the Court may not consider nonretroactive changes in the law under subsection (b)(5).  As the Sixth Circuit reaffirmed in *Bricker*, '[n]onretroactive legal developments do not factor into the extraordinary and compelling analysis.'" *Bricker*, 2025 WL 1166016, at *4 (quoting *McCall*, 56 F.4th at 1066).

Robinson counters that since *Bricker* did not involve or construe subsection (b)(5), that decision "should not be interpreted as silently precluding" a district court from considering nonretroactive changes in the law under subsection (b)(5). (Resp. to Supp. Auth., ECF No. 319, PageID.1450.)  But the Sixth Circuit did not "silently" preclude consideration of nonretroactive legal developments as a factor in the extraordinary and compelling analysis.  Instead, it expressly and repeatedly precluded consideration of such developments as a factor:

> The prisoners argue that even if nonretroactivity alone is not extraordinary, the necessary inquiry into "extraordinary and compelling" reasons requires the court to consider a "confluence of numerous different factors, any one of which could in isolation be deemed 'ordinary,' but together are extraordinary and compelling." *See, e.g.*, Bricker Br. at 37. "For example," they say "it is ordinary

to get old. And it is ordinary to get sick. But age or health can combine with other 'ordinary' factors (like serving a lawful sentence) to create a confluence of factors that ... constitute 'extraordinary and compelling' circumstances." Bricker Br. at 37-38. One of the dissents in *McCall* pressed this same argument unsuccessfully. *See McCall*, 56 F.4th at 1070-71 (Moore, J., dissenting) (contending that the question is not "whether a change in law is itself extraordinary or compelling," but "whether there are 'extraordinary and compelling reasons' to reduce the sentence when a particular statutory change is considered in the context of the defendant's individualized circumstances" (quotation marks and citations omitted)).

The principal flaw in this argument is that it presupposes that nonretroactivity is a *permissible* factor. It is not.

*Bricker*, 2025 WL 1166016, at *10 (emphasis in original).

Robinson next urges the Court to follow the decision in *United States v. Johnson*, -- F.Supp.3d --, No. 07-CR-10044, 2025 WL 1088809 (C.D. Ill. Apr. 11, 2025)), which, he says, stands for the proposition that even though subsection (b)(6) is invalid, subsection (b)(5) still allows a district court to consider nonretroactive changes in the law, in combination with other factors, when determining whether extraordinary and compelling circumstances exist.  The Court disagrees with Robinson's reading of *Johnson*.  The court in *Johnson* was careful to emphasize that while the defendant relied, in part, on a judicial decision that was issued after his sentencing, that decision "was *not* a 'change in law' but rather a re-interpretation by the Seventh Circuit of *existing* law." *Id.* at *6 (first emphasis added; second in

9

original). Indeed, that was the very reason that the court was permitted to consider the later-issued decision under subsection (b)(5). *See id.* Here, in sharp contrast, the amendment to the Section 924(c) sentencing laws on which Robinson relies *was* a true change in the law, and for all of the reasons explained above, such a nonretroactive change may not be considered under subsection (b)(5) under controlling Sixth Circuit precedent.

For all of these reasons, the Court concludes that it may not consider nonretroactive changes in the law under subsection (b)(5).

## 2

The Court next turns to Robinson's argument that his circumstances are extraordinary and compelling because there is a disparity between the sentence he received and the sentences his co-defendants received. (*See* Mot., ECF No. 298, PageID.1271; Reply, ECF No. 308, PageID.1314; Resp. to Supp. Auth., ECF No. 319, PageID.1451.) The Court disagrees for at least two reasons. First, as a matter of law, the Court may not consider the sentencing disparities cited by Robinson because those disparities existed at the time Robinson was sentenced. *See United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021) (holding that district court erred in considering, in its analysis of extraordinary and compelling circumstances, the fact that there were disparities between the sentence imposed on the defendant and

the sentences that had been previously imposed on his co-defendants).[1]  Second, Robinson's co-defendants pleaded guilty pursuant to Rule 11 Plea Agreements and/or assisted the Government (*see* Rule 11 Plea Agreements, ECF Nos. 96, 125, 134), while Robinson opted to proceed to trial, and "[t]here is nothing 'extraordinary' or 'compelling' about a sentencing disparity that results from a co-defendant's decision to plead guilty and assist the government." *Hunter*, 12 F.4th at 572.  For these reasons, the sentencing disparities highlighted by Robinson do not support a finding that his circumstances are extraordinary and compelling.

### 3

The Court next turns to Robinson's claim that his "age" and "health conditions" are "additional factors supporting" a finding of extraordinary and compelling circumstances. (Mot., ECF No. 298, PageID.1273-1274.)  The Court disagrees with that contention.

Robinson is 60 years old, which is not, on its own, extraordinary and compelling. *See, e.g.*, U.S.S.G. § 1B1.13(b)(2) (age can be extraordinary and compelling where the defendant is "at least 65 years old" and "experiencing a deterioration in physical or mental health because of the aging process").  And

---

[1] Each of Robinson's co-defendants had already been sentenced by the time Robinson was sentenced. (*See* Smith Judgment, ECF No. 184; Johnson Judgment, ECF No. 131; Grundy Judgment, ECF No. 130.)

Robinson has not persuaded the Court that his medical conditions are extraordinary and compelling. In his motion, Robinson did not identify any specific medical conditions that he suffers from and instead simply asserted that he "suffers from numerous chronic conditions." (*Id.*, PageID.1273.) Robinson later filed a "Notice of Supplemental Exhibits" which included a document listing his medical conditions. (*See* Notice, ECF No. 310-2.) But he does not suggest that the Bureau of Prisons cannot treat his conditions and/or is failing to do so. To the contrary, Robinson's own submissions show that the Bureau of Prisons has "resolved" many of his claimed medical conditions. (*Id.*) Moreover, Robinson's submissions reflect that he has received and continues to receive a number of medications (*see id.*, PageID.1340-1345), and the fact that he is receiving medicine suggests that his conditions are being addressed. The Court is not yet persuaded that Robinson's medical conditions support his claim that his circumstances are extraordinary and compelling.

## 4

The Court next addresses Robinson's contention that he has "strong family support that would await him upon release." (Mot., ECF No. 298, PageID.1273.) While Robinson's family support is "a good thing," it is "not remarkably outside the norm." *United States v. Corona*, No. 05-CR-148, 2020 WL 6528065, at *3 (E.D. Tenn. Nov. 5, 2020), *aff'd*, 858 F. App'x 897 (6th Cir. 2021). His family support

does not provide strong support for his claim that his circumstances are extraordinary and compelling.

## 5

Finally, the Court addresses Robinson's claimed rehabilitation. (*See* Mot., ECF No. 298, PageID.1273-1274.)  He has submitted to the Court letters from four correctional officers who "attest to his rehabilitation while in custody." (Reply, ECF No. 308, PageID.1315; Letters, ECF No. 298, PageID.1276-1279.)   Robinson's rehabilitation efforts, though commendable, are not extraordinary or compelling. Moreover, rehabilitation, standing alone, cannot amount to an extraordinary and compelling circumstance. *See* 28 U.S.C. § 994(t).

## 6

For all of the reasons explained above, Robinson has failed to show that any of his circumstances, or a combination thereof, are extraordinary and compelling under subsection (b)(5).

## III

Because Robinson has failed to show that extraordinary and compelling reasons warrant compassionate release, the Court need not undertake an analysis of the Section 3553(a) factors. *See United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022).

## IV

For all of the reasons explained above, Robinson's motion for compassionate release (ECF No. 298) is **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 27, 2025


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 27, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

14